IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARCELLUS FRENCH, M21081,** ) <br> **ALLEN FORD, Y24630,** ) <br> **CHAPPEL CRAIGEN, M25917,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> **ANTHONY WILLS,** ) <br> **STERRETT,** ) <br> ) <br> Defendants. ) | Case No. 24-cv-1462-DWD |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on the Complaint filed jointly by Marcellus French, Allen Ford, and Chappel Craigen, all inmates of the Illinois Department of Corrections (IDOC) who currently reside at Menard Correctional Center (Menard). Plaintiff French has now filed a Motion to Reconsider the Court's previous ruling on class certification (Doc. 61), Plaintiff Ford has filed a Motion concerning his filing fee (Doc. 62), and Plaintiff French has filed a Motion for a Preliminary Injunction (Doc. 67). For reasons explained in this Order, Plaintiff French's Motion to Reconsider will be denied, Plaintiff Ford's Motion will be granted, and Defendants shall respond to the Motion for a Preliminary Injunction.

**Background**

After warning the co-Plaintiffs about the risks of group litigation, Plaintiffs French, Ford, and Craigen opted to proceed jointly in this case by committing to paying individual filing fees and by tendering signed copies of the Complaint. The Court calculated initial partial fees and sent collection orders for French, Ford, and Craigen, but Menard has only released funds for Plaintiff French.

Upon initial review of the Complaint, the Court designated the following operative claims:

> **Claim 1:** **First Amendment claim related to the denial of Jumu'ah and/or Taleem services against Defendants Sterrett and Wills in their individual capacities (or against Defendant Wills in his official capacity for any injunctive relief sought);**
>
> **Claim 2:** **RLUIPA claim related to the denial of Jumu'ah and/or Taleem services against Defendant Wills in his official capacity;**
>
> **Claim 3:** **Equal Protection claim related to the denial of Jumu'ah and/or Taleem services for inmates in the East cellhouse against Defendants Sterrett and Wills;**

Service has been conducted, the Defendants have answered, and initial discovery has commenced on the limited issue of the exhaustion of administrative remedies. Defendants currently have a deadline of June 26, 2025, to file any dispositive motions they may wish to file on the issue of exhaustion.

Encompassed in the Court's October 15, 2024, Order for Service of Process, there was a discussion of the earlier Motion for Class Certification. The Court denied the Motion on the premise that *pro se* individuals cannot represent each other. *See e.g.,*

Howard v. Pollard, 814 F.3d 476, 478 (7th Cir. 2015) (pro se litigants are generally not adequate class representatives); *see also* Morton v. Olmstead, 2024 WL 472533 at * 1 (N.D. Ind. Feb. 7, 2024) (it would be improper to allow a pro se litigant to risk the rights of other potential litigants). The Court found that although the Plaintiffs have pled a sufficient complaint, it would still be inappropriate to allow them to proceed as legal representatives for others in this action. Thus, Ford's Motion for Class Certification (Doc. 35) was denied.

## Analysis

Plaintiff French has filed a Motion for Reconsideration about the class certification issue wherein he argues there are many similarly situated inmates in his cellhouse at Menard that wish to present the same or similar claims about their religious exercise. (Doc. 61). He argues that there are many barriers that prevent his fellow inmates from pursuing litigation on their own behalf, and thus a class action would be the best mechanism to allow them to pursue their rights. Recognizing that he and his co-Plaintiffs cannot act as counsel for fellow inmates, he then explains that he has attempted to contact at least four law firms about this potential class action, all to no avail. Thus, Plaintiff French argues that the Court should deem this case a class action, and it should recruit counsel to represent the class. He claims he submitted copies of his correspondence with counsel, but no such copies are attached. The Motion is allegedly signed by 39 individuals, including French and Ford. (Doc. 61 at 3-4).

To the extent that French simply asks for reconsideration of the Court's earlier ruling on class certification, his Motion (Doc. 61) must be denied because the Court's

ruling was legally appropriate. Pro se inmates cannot represent each other, and thus this Court does not have the ability to allow this matter to proceed as a class action while handled by two or three pro se inmates. Construed as a Motion for Recruitment of Counsel, the Motion also fails because Plaintiff has not attached proof of his efforts to recruit outside counsel, and this is a precondition to the Court considering recruitment of counsel. *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020). Finally, the Court notes that the Motion is accompanied by signatures of 37 fellow inmates, but this does not change the analysis because these individuals are not parties to this case. Ford and French signed and are parties, so the Motion was considered on their behalf, but none of the other individuals are parties, so they cannot file in this case to seek any relief. If these additional individuals wish to pursue their claims about religious exercise, they will need to file their own individual lawsuits to proceed.

As to Plaintiff Ford's Motion concerning the filing fee, it appears that the Court transmitted necessary collection documents to the prison, but that the prison Trust Fund Office has not acted to send funds to the Court. Ford's Motion is granted to the extent he seeks the Court's assistance with this issue, and the Clerk of Court will re-transmit the request for payment to the Trust Fund Office.

Finally, Plaintiff French has filed a Motion for a Preliminary Injunction that speaks solely about his own ability to attend religious services, and which bears only his signature. (Doc. 67). He specifically claims that since filing this lawsuit, for the last three months he has not been allowed to attend religious services of Taleem and Jumu'ah. He claims that he is being prevented from attending, while other inmates are still allowed to

attend, which might also suggest unequal treatment. He seeks the ability to attend services. While the sort of relief he seeks appears to be within the scope of the operative claims, the Motion is problematic because it is filed in a case with co-Plaintiffs on behalf of only one litigant. This sort of one-off filing is one of the reasons that the Court is often dis-inclined to allow multiple inmates to proceed jointly in a single case. Considering injunctive relief for just one plaintiff out of three is complicated because it may require the Court to hold a hearing or to issue orders that cover less than all of the parties in the case, which could easily cause confusion. It is also difficult to monitor any possible injunctive relief being implemented, when the implementation is only meant to apply to a single individual. Ultimately, the Motion may lead to severance of the plaintiffs into separate lawsuits, but for now, the Court will simply direct the Defendants to respond to the Motion concerning Plaintiff's ability to access religious services.

## Disposition

**IT IS HEREBY ORDERED THAT** Plaintiff French's Motion to Reconsider (Doc. 61) is **DENIED,** Plaintiff Ford's Motion regarding his filing fee (Doc. 62) is **GRANTED**, and a ruling on Plaintiff French's Motion for a Preliminary Injunction (Doc. 67) is **DEFERRED**. The Defendants shall respond to Plaintiff French's Motion within 21 days.

**IT IS SO ORDERED.**

Dated: June 11, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge