IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAPPEL CRAIGEN, M25917, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1462-DWD |
| | ) |
| ANTHONY WILLS, | ) |
| SAMUEL STERRETT, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Chappel Craigen, an inmate of the Illinois Department of Corrections (IDOC) currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff's lawsuit concerns his ability to observe his religion while incarcerated. Defendants filed a Motion for Summary Judgment (Doc. 82) on the issue of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Plaintiff timely responded (Doc. 92). For reasons explained, Defendants' Motion is granted.

## BACKGROUND

Plaintiff initiated this lawsuit by filing a Complaint on August 27, 2024, with two co-plaintiffs. (Docs. 1, 36). After warning the three plaintiffs about the risks of group litigation, and inviting all to submit signed pleadings if they wished to proceed, the Court

screened the Complaint under 28 U.S.C. § 1915A and designated three claims to proceed against Warden Wills and Chaplain Sterrett.

> **Claim 1:** **First Amendment claim related to the denial of Jumu'ah and/or Taleem services against Defendants Sterrett and Wills in their individual capacities (or against Defendant Wills in his official capacity for any injunctive relief sought);**
>
> **Claim 2:** **RLUIPA claim related to the denial of Jumu'ah and/or Taleem services against Defendant Wills in his official capacity;**
>
> **Claim 3:** **Equal Protection claim related to the denial of Jumu'ah and/or Taleem services for inmates in the East cellhouse against Defendants Sterrett and Wills;**

(Doc. 40). The complaint alleges that the plaintiffs had virtually no access to Jumu'ah or Taleem services, both components of their Islamic faith. They also argued that they were treated differently than inmates who observed other religions and who received more religious services, and also that they were treated differently from inmates of their same religion at different prisons. The complaint described efforts to correspond with Defendants Wills and Sterrett concerning the limits on their religious exercise.

While discovery on the exhaustion of administrative remedies was ongoing, co-plaintiff Marcellus French sought preliminary injunctive relief, and the Court determined that it would be appropriate to sever the three plaintiffs into individual actions given the differing exhaustion issues and the request for injunctive relief by just one plaintiff. (Doc. 90). As it pertains solely to Plaintiff Craigen, the parties have identified just one grievance related to Craigen's ability to observe his religion at Menard between September of 2023 and July of 2024. Defendants contend that Craigen did not properly exhaust the sole

grievance because he did not appeal it to the Administrative Review Board (ARB). Craigen counters that he did not appeal it because it was deemed untimely at Menard, and an appeal would have been a waste of his postage money.

### FINDINGS OF FACT

On January 25, 2024, Plaintiff Craigen submitted Grievance K4-0124-0666 concerning his religious exercise. He wrote,

> HB 3055/Public Act 103-0331 creates the Faith behind Bars Act to satisfy the right to practice faith in correctional facilities without undue burden. Requires a person belonging to a faith group in a correctional institution or facility to have access to pastoral and spiritual care absent harm and without undue burden to I.D.O.C. correctional institutions are required to provide reading materials for faith groups, including spiritual religious texts, prayer manuals, prayer mats and other requested materials. All correctional institutions and facilities in the state are required to provide people who are incarcerated with the ability to pray by facilitating time and clean location, the ability to fast by allowing them to abstain from food when appropriate, and respect for dietary restrictions absent harm and without undue burden to the states correctional system.

(Doc. 82-2 at 14-15). On February 1, 2024, a counselor responded and attached a one paragraph narrative to their response. In essence, the response indicated that religious offerings are scheduled based on the demand, the availability of resources, and institutional safety and security. (Doc. 82-2 at 22). The counselor indicated that the cancellation of religious offerings is an administrative decision made based on security, safety, rehabilitation, institutional order, space, and resources. (*Id.*).

The grievance office recorded Plaintiff's appeal of the counselor's response as filed on March 28, 2024. (Doc. 82-2 at 12). The grievance officer indicated that Plaintiff failed to attach the counselor's response to his grievance appeal, as required by an

Administrative Directive. The grievance officer further explained that Plaintiff was required to appeal the counselor's response within 14 days, and thus the appeal filed nearly two months after the counselor's response was untimely. (*Id.*).

Defendants included a declaration from Paige Long, an employee at the Administrative Review Board (ARB), who indicated that the ARB received five grievance appeals from Plaintiff prior to September of 2023, but the ARB never received any appeals concerning Plaintiff's religious exercise. (Long Decl., Doc. 82-4 at ¶¶ 7-8).

In his signed response brief, Plaintiff indicated that he did not appeal to the ARB because his grievance was rejected as untimely by the grievance officer and he believed an appeal would be a waste of his postage money. (Doc. 92 at 1).

CONCLUSIONS OF LAW

A. Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to

exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).[1]  However, the court is not required to conduct an evidentiary hearing if there is no genuine dispute of material fact, and the determination is purely legal.  See e.g., *Walker v. Harris*, 2021 WL 3287832 * 1 (S.D. Ill 2021); *Miller v. Wexford Health Source, Inc.*, 2017 WL 951399 *2 (S.D. Ill. 2017).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies.  42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740.  "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011).  For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require."  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies."  *Id.* at 1024.

There are no exceptions to the exhaustion requirement, however, the Supreme Court and Seventh Circuit have emphasized in recent years that the exhaustion process must be available.  An "available" remedy is one that is "capable of use for the accomplishment of a purpose" and "is accessible or may be obtained."  *Crouch v. Brown*,

---

[1] The Supreme Court's recent opinion in *Perttu v. Richards*, 605 U.S. 460 (2025), held that if the facts necessary for a ruling on exhaustion are intertwined with the merits of the claim, a jury trial is required. But the *Perttu* Court did not go so far as to extend the Seventh Amendment right to a jury trial to all exhaustion disputes.  In this case, there is no intertwinement of the facts, so *Perttu* does not require that this issue be determined at a jury trial.

27 F.4th 1315, 1320 (7th Cir. 2022) *citing* Ross v. Blake, 578 U.S. 632, 642 (2016). If availability is at issue, the Court must resolve that issue before proceeding to the merits of the exhaustion dispute. *Wallace v. Baldwin,* 55 F.4th 535, 539 (7th Cir. 2022) (the district court must first consider the threshold question of if exhaustion was available). Exhaustion is required "even if ... the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *see also* Thornton v. Snyder, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement.").

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, et seq. (2017). If the inmate is not satisfied with the CAO's response, he can file an appeal with the IDOC Director through the Administrative Review Board (ARB). 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days of the date of the CAO's decision. *Id.* The inmate must attach copies of the responses from the grievance officer and CAO to his appeal. *Id.*

B. Analysis

It is undisputed that Plaintiff filed only one grievance relevant to the claims presented in this lawsuit about his ability to observe his religion at Menard—Grievance K4-0124-0666. The grievance was reviewed at all levels within the prison, but Plaintiff admits he never transmitted it to the ARB for the final level of review. Plaintiff contends that he did not appeal because he thought it would be a waste of postage, but futility is not an excuse for failing to fully exhaust a grievance. *See e.g., Thornton*, 428 F.3d at 694.

(an inmate's perception that exhaustion is futile does not excuse him from using the full grievance process). There is no factual dispute concerning exhaustion in this case, and Plaintiff's argument that an appeal was futile fails under controlling precedent. Thus, Defendants' Motion for Summary Judgment shall be granted, and this case shall be dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies. Even if the grievance was fully exhausted, the factual allegations in the grievance are vague, the do not clearly align with the detailed factual allegations in the complaint, and thus the grievance did not provide the prison with notice of the problems raised in this lawsuit and is not sufficient to demonstrate exhaustion.

### DISPOSITION

Defendants' Motion for Summary Judgment (Doc. 82) on the issue of exhaustion of administrative remedies is **GRANTED** and all three of Plaintiff's claims against both defendants are dismissed for his failure to exhaust his administrative remedies. The Clerk of Court shall enter judgment and **CLOSE** this case.

The pending motions in this case that pertain to the two co-plaintiffs who were severed into new matters (Docs. 84, 85, 86, 91) are **DENIED** as **MOOT.**

**IT IS SO ORDERED.**

Dated: February 25, 2026

DAVID W. DUGAN
United States District Judge